RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAR 02 2022
LONG ISLAND OFFICE

MM:CPK
F. # 2019R01136

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------X

UNITED STATES OF AMERICA

– against –

JANE SODOL,

Defendant.

---------------------------X

INFORMATION

Cr. No. CR 22 84
(T. 21, U.S.C., §§ 331(a), 333(a)(2), 334(a)(1), 352(a), 853(a) and 853(p); T. 18, U.S.C., §§ 982(a)(7), 2 and 3551 et seq.)

BROWN, J.

WICKS, M.J.

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information:

1. The United States Food and Drug Administration ("FDA") was an agency of the United States government responsible for enforcing the provisions of the Federal Food, Drug and Cosmetic Act ("FDCA"), Title 21, United States Code, Sections 301 et seq. The FDA's responsibilities included, among other things, regulating drugs shipped, delivered and received in interstate commerce.

2. The FDCA prohibited the introduction or delivery for introduction into interstate commerce of a drug that was misbranded, or causing thereof. 21 U.S.C. § 331(a).

3. The FDCA defined the term "drug" to mean, among other things, articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals, and articles (other than food) intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g)(1).

4. A drug was deemed to be misbranded under the FDCA if its labeling was false or misleading in any particular. 21 U.S.C. § 352(a).

5. The FDCA defined the term "labeling" to mean all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article. 21 U.S.C. § 321(m).

6. Defendant JANE SODOL conducted business under the name MediSpaByJane ("MediSpa") from Queens, New York. MediSpaByJane sold drugs including Botox and Dysport (together, the "MediSpa Products"). The MediSpa products were labeled in a foreign language.

7. The defendant JANE SODOL was the owner and operator of the website "MediSpaByJane.com," which sold MediSpa Products that SODOL, and others working with her, bought in the Ukraine or received by mail from foreign countries.

8. Based on the labeling on packages of the MediSpa Products, the products were intended to be used to affect the structure or function of the human body, thereby rendering the MediSpa Products "drugs" within the meaning of Title 21, United States Code, Section 321(g)(1)(B).

9. Labeling on packages of the MediSpa products did not have adequate directions for use, thereby rendering the products misbranded drugs within the meaning of Title 21, United States Code, Section 352(f).

10. On or about and between January 1, 2016 and December 31, 2021, the MediSpa Products were introduced into interstate commerce to customers located throughout the United States and in foreign countries by the defendant JANE SODOL, who, together with others, realized proceeds from the sale of those products exceeding $750,000.

INTRODUCTION OF MISBRANDED DRUGS INTO INTERSTATE COMMERCE

11. The allegations contained in paragraphs one through 10 are realleged and incorporated as if fully set forth in this paragraph.

12. On or about May 31, 2019, within the Eastern District of New York and elsewhere, the defendant JANE SODOL, together with others, did knowingly and intentionally introduce and cause to be introduced into interstate commerce, with the intent to defraud and mislead, one or more drugs that were misbranded, to wit: Botox and Dysport.

(Title 21, United States Code, Sections 331(a), 333(a)(2) and 352(a); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

13. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 334(a)(1), which requires any person convicted of such offense to forfeit any article of food, drug or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, and Title 18, United States Code, Section 982(a)(7) and Title 21, United States Code, Section 853(a), which require any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or

indirectly as the result of such offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 334(a)(1), 853(a) and 853(p); Title 18, United States Code, Section 982(a)(7))

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R01136
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JANE SODOL,

Defendant.

# INFORMATION

(T. 21, U.S.C., §§ 331(a), 333(a)(2), 334(a)(1), 352(a), 853(a) and 853(p); T. 18, U.S.C., §§ 982(a)(7), 2 and 3551 et seq.)

*A true bill.*

_______________________________________

*Foreperson*

*Filed in open court this* __________________ *day,*

*of* _____________ *A.D. 20* _____

_______________________________________ *Clerk*

*Bail, $* ____________

_______________________________________

***Charles P. Kelly, Assistant U.S. Attorney (631) 715-7866***